# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00147-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>STEVEN VINCENT THOMAS WHITE, )<br>)<br>Defendant. )<br>_____ )<br>)<br>IN RE: PETITION OF )<br>GARRETT DALE HATCH. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss *Pro Se* Petition filed by Garrett Dale Hatch [Doc. 33].

**I. BACKGROUND**

On July 25, 2018, the Defendant Steven Vincent Thomas White was stopped by a Buncombe County Sheriff's deputy for a suspended license plate tag and was placed under arrest for transporting an open container of liquor and driving with an expired tag. [Doc. 16 at 1]. A search of the Defendant's vehicle uncovered a Raven Arms, model P-25, .25 caliber pistol, serial number 513983, that was loaded with seven rounds of .25 caliber

ammunition. [Id.]. The Raven Arms pistol was located in a backpack that also contained the Defendant's wallet. [Id.].

On December 4, 2018, the Defendant was charged in a Bill of Indictment with one count of possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On March 25, 2019, the Defendant pled guilty pursuant to a written plea agreement to this charge. [Docs. 17, 19]. The Defendant was sentenced on June 18, 2019, to a term of 24 months' imprisonment. [Doc. 30].

As part of his guilty plea, the Defendant consented to the forfeiture of the Raven Arms pistol and ammunition. [Doc. 23]. The Consent Order and Judgment of Forfeiture was entered on March 25, 2019. [Id.]. In accordance with 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the Government posted notice of the forfeiture of the Raven Arms pistol and ammunition on an official government website (www.forfeiture.gov) from March 26, 2019 through April 24, 2019. [Doc. 26]. The Government's notice provided that any third party claiming an interest in the forfeited property had to file a petition within 60 days of the first date of publication, or by May 27, 2019. [Id.].

On March 21, 2019, the Government's attorney received an email from the Defendant's attorney, in which she advised that the Defendant's brother,

Garrett Dale Hatch, had a claim to the firearm. On March 28, 2019, after obtaining a mailing address for Mr. Hatch from the Defendant's attorney, the Government mailed direct notice of the forfeiture to Mr. Hatch at his 108 Laurel Loop address, the same address listed on his Petition. The Government's notice package, however, was returned as "unclaimed." After receiving a phone call from Mr. Hatch, on May 21, 2019, the Government again mailed direct notice to Mr. Hatch at his 108 Laurel Loop address. This time the package was apparently claimed and received by Mr. Hatch.

On June 21, 2019, Mr. Hatch, filed a one-page handwritten *pro se* petition asserting a claim with respect to the Raven Arms pistol and ammunition. [Doc. 32]. In his petition, Mr. Hatch asserts that his "ownership of the pistol is based on the fact that approximately 18 months ago the firearm was detained temporarily and then returned by the Black Mountain, Sheriff's Department. The order for return was given by the District Attorney's Office in Asheville, N.C." [Id.].

The Government now moves to dismiss Mr. Hatch's Petition. For grounds, the Government argues that the Petition is untimely and fails to comply with 21 U.S.C. § 853(n)(3). [Doc. 33]. On July 17, 2019, the Government served a copy of its Motion to Dismiss by mailing a copy to his address of record. [Doc. 35]. On July 25, 2019, that mailing was returned

to the Government undelivered, with the message "No Such Street." [Id.]. The Court notes that this is the second time that a package that was sent to Mr. Hatch at his address of record has been returned.

## II. DISCUSSION

A petition filed by a third party claiming interest in property which has been ordered forfeited to the United States must set forth the following information: (1) "the nature and extent of the petitioner's right, title, or interest" in each of the forfeited properties; (2) "the time and circumstances of the petitioner's acquisition of the right, title or interest" in each property; and (3) "any additional facts supporting the petitioner's claim, and the relief sought." See 21 U.S.C. § 853(n)(3). Here, the Petition fails to set forth any of this required information.

Further, the Petition appears to be untimely. Mr. Hatch asserted a claim, at least informally, as early as March 21, 2019. Pursuant to the notice of forfeiture posted on www.forfeiture.gov, third parties claiming an interest in the forfeited property had until May 27, 2019, to file a petition. Mr. Hatch, however, did not file his Petition until June 21, 2019. The Petition does not explain why Mr. Hatch waited so long to file his petition.

Finally, the Court notes that the Government has experienced significant difficulty in contacting Mr. Hatch by mail at his address of record.

Some of the Government's mailings have been returned as undeliverable; others apparently have not. The Government, however, has had contact with Mr. Hatch by telephone. The Government is encouraged to contact Mr. Hatch to verify a proper address where mail can be delivered.

In light of these circumstances, the Court will allow Mr. Hatch thirty (30) days from the entry of this Order in which to file an amended petition, signed under penalty of perjury, that provides a justification for his late filing and that complies with the other requirements set forth above. If Mr. Hatch fails to file an amended petition within the time required, the Petition will be dismissed.

Accordingly, **IT IS, THEREFORE, ORDERED** that Garrett Dale Hatch shall file an amended petition that complies with the requirements of this Order within thirty (30) days of the entry of this Order. **Petitioner is advised that failure to file an amended petition in the time required will result in the dismissal of his petition.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [Doc. 33] shall be held in abeyance.

The Clerk of Court is directed to provide copies of this Order to counsel for the Government and the *pro se* Petitioner Garrett Dale Hatch.

**IT IS SO ORDERED**.

Signed: August 5, 2019

Martin Reidinger
United States District Judge