IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cr-147-MR-WCM

UNITED STATES OF AMERICA,      )
                               )
                               )
                               )
vs.                            )                    ORDER
                               )
STEVEN VINCENT THOMAS          )
WHITE,                         )
                               )
          Defendant.           )
_____ )

This matter came before the Court on April 23, 2021 for a status conference. Assistant United States Attorney John Prichard appeared for the Government. Attorney Douglas Pearson appeared for Defendant. Defendant, who remains in treatment, waived his appearance.

On February 4, 2021, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 42.

On February 12, 2021, Defendant made an initial appearance during which he moved for the appointment of counsel. Defendant's request was granted, and Mr. Pearson was subsequently appointed to represent Defendant. The Government moved for detention.

Preliminary revocation and detention hearings were scheduled for February 17, 2021. However, at Defendant's request, those hearings were continued and were ultimately scheduled for March 22, 2021. On that date,

Defendant waived his right to a preliminary hearing and the Government consented for Defendant to be released in order to attend treatment. The undersigned established conditions of release consistent with the parties' proposal and agreement and directed that a status hearing be set in approximately 30 days.

At the status hearing on April 23, the parties advised that Defendant has progressed well during the 30-day treatment program in which he has been engaged, that he is scheduled to complete that program on Monday, April 26, 2021, and that he has been accepted into a 12-month treatment program at the facility where he is located. The parties also advised that, as part of the new 12-month program, Defendant may be eligible to receive day passes for the purpose of visiting his family. In that connection, the Government requested that any use by Defendant of a day pass also be approved in advance by his supervising probation officer. The Government further indicated that the Probation Office is amenable to Defendant's continued release on these conditions.

Having reviewed this matter and received the statements of counsel for the Government and Defendant, the undersigned concludes that Defendant's release on the conditions previously imposed, and as modified herein, is appropriate.

**IT IS THEREFORE ORDERED THAT:**

1. The Order Setting Conditions of Release (Doc. 50) previously entered in this matter is **AMENDED** and **MODIFIED** as follows:

    a. Defendant is allowed to continue his treatment, now in the 12-month program to which he has been admitted, at the facility where he is located.

    b. Defendant is to remain at the facility at all times, unless leave is specifically authorized in advance by the Probation Office.

    c. The authorization, as provided herein, for Defendant to take part in the extended treatment program at the facility is not intended to delay the scheduling of Defendant's final revocation hearing. Defendant shall appear at his final revocation hearing whenever such hearing is scheduled before the District Court, and Defendant's father, as Defendant's third-party custodian for transportation purposes, remains responsible for his transportation for that purpose.

2. Except as modified, the Order Setting Conditions of Release (Doc. 50) remains in effect.

Signed: April 23, 2021

W. Carleton Metcalf
United States Magistrate Judge